

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| KEVIN CANTRELL, and <br> ANNAMARIE CANTRELL, <br><br> Plaintiffs, <br><br> vs. <br><br> NEW PENN FINANCIAL, LLC, <br> AVENUE 365 LENDER <br> SERVICES, JAKE BROWN, and <br> SHELL POINT, <br><br> Defendants. | § § § § § § § § § § § § § § § | Civil Action No.: 7:17-01078-MGL |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART, DENYING IN PART, AND DENYING WITHOUT PREJUDICE IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

**I. INTRODUCTION**

This is an action for violation of the Real Estate Settlement Procedures Act (RESPA), specifically 12 U.S.C. § 2607, and related state law claims arising out of the refinancing of Plaintiffs' home loan. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Defendants' Partial Motion to Dismiss the Amended Complaint (Motion to Dismiss) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court notes that because Defendants filed their answer and Motion to Dismiss simultaneously, the

Motion to Dismiss technically should have been filed under Rule 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). The distinction, however, is one without a difference because motions under Rule 12(c) are evaluated under the same standard as those under Rule 12(b)(6). *See id.* The Court will therefore assess the Motion to Dismiss under the standard for Rule 12(b)(6) motions. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' Motion to Dismiss will be granted in part, denied in part, and denied without prejudice in part with leave to refile, and Plaintiffs will be granted leave to amend their Amended Complaint (Complaint).

## II. FACTUAL AND PROCEDURAL HISTORY

This action arises out of Plaintiffs' refinancing of their home loan with Defendants. Plaintiffs complain of alleged improprieties in the closing of their loan, including Defendants' failure to honor their attorney preference and failure to disclose the relationship among Defendants and others involved in the closing of their loan. The Complaint asserts claims against Defendants collectively for fraud/constructive fraud/fraud in the inducement, violation of the South Carolina Unfair Trades Practices Act (UTPA), negligence, violations of the South Carolina Consumer Protection Code (CPC), breach of fiduciary duty, violation of RESPA, and violation of the Licensing of Mortgage Brokers Act (Mortgage Brokers Act). ECF No. 1-1 at 70-78.

Plaintiffs filed their initial complaint in the South Carolina Court of Common Pleas for Spartanburg County on October 31, 2016. *Id.* at 3-11. Defendants filed an answer and a motion to dismiss the initial Complaint on January 6, 2017. *Id.* at 12-64. On February 9, 2017, Plaintiffs filed a motion to amend the initial Complaint, *id.* at 65, and the Spartanburg County Court of

Common Pleas entered a consent order on April 4, 2017, granting Plaintiffs leave to amend the complaint, *id.* at 66-68.

Plaintiffs filed the Complaint currently at issue in the Spartanburg County Court of Common Pleas on April 10, 2017. *Id.* at 70-78. The Complaint asserts two additional causes of action not previously included in the initial complaint, including one for violation of RESPA.

Defendants removed this action on April 25, 2017. ECF No. 1. That same day, Defendants filed an answer to the Complaint as well as their Motion to Dismiss currently before the Court. ECF Nos. 4 and 5. Plaintiffs responded to Defendants' Motion to Dismiss on May 9, 2017, ECF No. 10, and Defendants filed a reply on May 16, 2017, ECF No. 13. Having been fully briefed on the relevant issues, the Court is now prepared to discuss the merits of Defendants' Motion to Dismiss.

### III.  STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 9(b) requires a heightened standard of pleading "[i]n alleging fraud or mistake," under which "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Rule 8(a) does not require "detailed factual allegations," but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly,* 550 U.S. at 555 (quoting

3

*Conley v. Gibson,* 255 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that it plausible on its face,'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need to be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact. *Twombly,* 550 U.S. 544, 555 (2007).

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citations omitted).

## IV. CONTENTIONS OF THE PARTIES

In Defendants' Motion to Dismiss, they declare Plaintiffs' claims for fraud/constructive fraud/fraud in the inducement, negligence, breach of fiduciary duty, and violations of UTPA, the Mortgage Brokers Act, and certain of Plaintiffs' claims under the CPC, specifically Plaintiffs' claims for violations of S.C. Code §§ 37-10-105, 37-22-110 *et seq.*, and 37-5-108, fail to state a claim for which relief may be granted. Defendants outline the alleged deficiencies in the pleading of each claim, but the Court deems it unnecessary to recount each specific pleading error claimed by Defendants.

In addition to asserting Plaintiffs' claims fail to satisfy the pleading standard, Defendants also argue Plaintiffs' claim for violation of UTPA fails as a matter of law under S.C. Code § 39-5-40(a), which Defendants contend constitutes a "regulated industry exemption" to UTPA. Further, Defendants aver the claims for violations of §§ 37-10-105 and 37-22-110 *et seq.* of the CPC fail because these statutes constitute a remedies provision, not a cause of action, and a criminal provision, respectively. Defendants also urge all claims against Defendant Jake Brown (Brown) should be dismissed due to Plaintiffs' failure to set forth any specific allegations of wrongdoing against Brown.

Plaintiffs dispute each of Defendants' arguments and insist they have sufficiently pled each claim.

## V. DISCUSSION AND ANALYSIS

### A. Plaintiffs' Claims under the South Carolina Unfair Trade Practices Act

The Court will first address Defendants' argument Plaintiffs' claim under UTPA is barred as a matter of law by S.C. Code § 39-5-40(a), which provides UTPA is inapplicable to "[a]ctions

or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by any other South Carolina State law." S.C. Code Ann. § 39-5-40(a). The Court is unpersuaded.

Section 39-5-40(a) does not exempt from liability under UTPA any company or individual regulated by the South Carolina or United States government. Rather, the South Carolina Supreme Court has explained:

> "The purpose of the exemption [S.C. Code § 39-5-40(a)] is to insure that a business is not subjected to a lawsuit under the Act when it does something required by law, or does something that would otherwise be a violation of the Act, but which is allowed under other statutes or regulations. It is intended to avoid conflict between laws, not to exclude from the Act's coverage every activity that is authorized or regulated by another statute or agency. Virtually every activity is regulated to some degree."

*Ward v. Dick Dyer & Assocs., Inc.*, 403 S.E.2d 310, 312 (S.C. 1991) (quoting *Skinner v. Steele*, 730 S.W.2d 335, 337 (Tenn. App. 1987)). The court in *Ward* rejected an interpretation of § 39-5-40(a) that would exempt from UTPA "any activity which is regulated by state or federal agencies or other statutes" and explained such an interpretation would render UTPA meaningless. *Id.* at 311.

Defendants argue *Ward*, which concerned an automobile dealer's liability under UTPA, is limited to its facts. Further, Defendants rely on a 2013 order from the South Carolina Court of Common Pleas to support their contention financial services institutions are regulated entities exempt from UTPA. *See* ECF No. 4-2.

The Court, however, is bound by the decisions of a state's highest court when interpreting state law. *Johnson v. Fankell*, 520 U.S. 911, 916 (1997). Although the South Carolina Supreme Court has recognized financial institutions are subject to a "robust regulatory regime," *Crawford v. Cent. Mortg. Co.*, 744 S.E.2d 538, 542 (S.C. 2013), it has not strayed from its holding in *Ward*

6

the UTPA exemption in § 39-5-40(a) "is intended to exclude those actions or transactions which are allowed or authorized by regulatory agencies or other statutes" rather than all regulated activity. *Ward*, 403 S.E.2d at 312. Because there is no suggestion Defendants' alleged behavior was allowed or authorized by a state or federal regulatory agency, § 39-5-40(a) fails to bar Plaintiffs' UTPA claims against Defendants as a matter of law. Therefore, the Court will deny the portion of Defendants' Motion to Dismiss requesting the Court dismiss Plaintiffs' UTPA claim on the ground it is barred by § 39-5-40(a).

  **B. Plaintiffs' Claims under the South Carolina Consumer Protection Code**

The Court will next consider Defendants' contentions regarding Plaintiffs' claims for violations of §§ 37-10-105 and 37-22-110 *et seq.* of the CPC.

Defendants maintain Plaintiffs' claim for violation of § 37-10-105 fails because that provision outlines available remedies for violations of the CPC, sets forth the statute of limitations, and provides a defense against CPC claims. Defendants insist the provision does not create an independent cause of action. The Court agrees.

Section 37-10-105 is entitled "Violations; civil actions," and a review of the statutory provision reveals it sets forth remedies for violations of the CPC, certain procedures for bringing claims under the CPC, and certain defenses to CPC claims. *See* S.C. Code Ann. § 37-10-105. The provision fails to create a cause of action itself. Accordingly, Plaintiffs may invoke § 37-10-105 as a remedy after properly stating an independent basis for relief under another provision of the CPC, but Plaintiffs are unable to maintain an independent cause of action for breach of this provision. *See Camp v. Springs Mortg. Corp.*, 426 S.E.2d 304, 305 (S.C. 1993) (characterizing § 37-10-105 as a "remedies provision" of the CPC). The Court will therefore grant the portion of

7

Defendants' Motion to Dismiss requesting the Court dismiss Plaintiffs' claim for violation of § 37-10-105.

Next, the Court will address Defendants' argument Plaintiffs' claim for violation of § 37-22-110, *et seq.* fails because the remedy for violation of this chapter of the CPC is criminal, not civil. Defendants are correct the remedy for violation of this chapter of the CPC is criminal. S.C. Code § 37-22-230 provides "[a] person who willfully violates a provision of this chapter [Chapter 22 of the CPC] is guilty of a misdemeanor and, upon conviction, must be fined not more than five hundred dollars or imprisoned not more than six months, or both, for each violation." S.C. Code Ann. § 27-22-230. Because Plaintiffs are unable to pray for criminal relief in this civil action, the Court holds Plaintiffs' claim for violation of § 37-22-110 *et seq.* should be dismissed, and the Court will grant the portion of Defendants' Motion to Dismiss seeking dismissal of this claim.

### C. Granting Plaintiffs Leave to Amend

The remainder of Defendants' contentions regarding Plaintiffs' claims constitute arguments that Plaintiffs' claims fail to satisfy the requisite pleading standards. Defendants correctly detail various pleading deficiencies in Plaintiffs' Complaint. By way of example, Plaintiffs' claim for fraud is conclusory and lacks sufficient details to satisfy the requirement under Rule 9(b) of pleading fraud with particularity. Similarly, Plaintiffs' claim for violation of UTPA does little more than recite the elements for an UTPA claim. The Court, however, is unprepared at this early stage of litigation to dismiss Plaintiffs' remaining claims. Rather, the Court is of the opinion Plaintiffs should be given an opportunity to amend their Complaint to cure the pleading deficiencies in it. Therefore, the Court will deny without prejudice the remainder of Defendants' Motion to Dismiss and will grant Plaintiffs leave to amend the Complaint.

Moreover, the Court notes because Defendants removed this case from South Carolina state court, it is especially appropriate to grant Plaintiffs an opportunity to amend their Complaint in recognition of the heightened pleading standard required by federal courts. Under the circumstances of this case, the Court holds it within the best interests of justice to grant Plaintiffs leave to amend their Complaint, *see* Fed. R. Civ. P. 15(a)(2), and the Court is unable to say with any certainty granting Plaintiffs another opportunity to amend the deficiencies in their Complaint would be futile. Further, there is a suggestion of neither bad faith nor prejudice. Accordingly, under the liberal standard for granting leave to amend, Plaintiffs should be provided the opportunity to amend the Complaint. Plaintiffs, however, should take notice the Court will likely refuse to grant another opportunity for Plaintiffs to amend their Complaint in the future, in the interest of preserving Defendants' time and resources.

Because the Court's holdings articulated above are dispositive, the Court declines to address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' motion to dismiss is **DENIED IN PART, GRANTED IN PART,** and **DENIED WITHOUT PREJUDICE IN PART** with leave to refile, and Plaintiffs are **GRANTED** leave to file an amended complaint. The portion of Defendants' Motion to Dismiss arguing S.C. Code Ann. § 39-5-40(a) bars Plaintiffs' claim for violation of the South Carolina Unfair Trade Practices Act as a matter of law is **DENIED**, whereas the portion of Defendants' Motion to Dismiss

requesting the Court dismiss Plaintiffs' claims for violation of S.C. Code Ann. §§ 37-10-105 and 37-22-110 *et seq.* is **GRANTED**.  The remainder of Defendants' Motion to Dismiss is **DENIED WITHOUT PREJUDICE** with leave to refile in the event Plaintiffs file a second amended complaint.  Plaintiffs may file a second amended complaint within seven days of the entry of this Order.

**IT IS SO ORDERED.**

Signed this 20th day of June 2017 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
